NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0468n.06

**No. 13-5620**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ALI HADI SAWAF, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

FILED

Jun 30, 2014

DEBORAH S. HUNT, Clerk

BEFORE: GRIFFIN and DONALD, Circuit Judges; GRAHAM, District Judge.[*]

**BERNICE B. DONALD, Circuit Judge.** Ali Hadi Sawaf appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. For the reasons below, we REVERSE the district court's order and REMAND to the district court with instructions to administer an appropriate remedy in light of our holding that Sawaf is entitled to relief.

I.

In 2001, Dr. Sawaf, a medical doctor specializing in the practice of urology, was charged with multiple counts of unlawful drug distribution for prescribing narcotic pain medications without a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1). It is undisputed that, prior to trial, the Government offered Sawaf a plea bargain that would have resulted in a

---

[*] The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

significantly reduced prison sentence of 41 months instead of the 235-293 month term of imprisonment he would likely receive under the applicable U.S. Sentencing Guidelines if convicted at trial. Upon the advice of his attorney, Sawaf rejected the Government's plea offer and proceeded to trial, unsuccessfully, where he was convicted and ultimately received a prison sentence of 240 months.

As the district court correctly observed, the subsequent history of this case has already been summarized in *United States v. Sawaf,* 129 F. App'x 136, 138-41 (6th Cir. 2005), and needs not be repeated in full here, as we are only concerned with the narrow issue for which a Certificate of Appealability has been granted. Accordingly, our discussion of the facts is limited to those that are relevant to Sawaf's present claim that he received ineffective assistance of counsel because his attorney failed to advise him about his sentencing exposure under the U.S. Sentencing Guidelines and failed to inform him that he would likely receive a prison sentence of at least 235 months if he was convicted at trial after rejecting the Government's plea offer.

Sawaf claims that his attorney failed to inform him that rejecting the Government's plea offer of a 41-month prison sentence would expose him to a much lengthier prison sentence under the otherwise applicable sentencing guidelines. According to Sawaf, his attorney's failure to advise him of the applicable guidelines range amounted to ineffective assistance of counsel because it prevented him from making a fully informed decision as to whether he should accept the Government's plea offer. As a result, Sawaf argues, and without knowing the potential consequences of his decision, he relied on the advice of his counsel to his detriment in rejecting the plea bargain, and proceeded to trial without ever having been informed that doing so would expose him to the possibility of a 20-year prison term.

Based on the foregoing, the district court granted Sawaf's request for an evidentiary hearing on his § 2255 motion, where it heard testimony from several witnesses, including Sawaf and his trial counsel. At the evidentiary hearing, Sawaf claimed as he had before, prior to, during, and after his trial, that he was innocent of the crimes for which he has been convicted; nevertheless, he explained, despite his continued insistence that he is innocent, Sawaf stated that he readily would have entered a guilty plea in exchange for a 41-month sentence if he had known that going to trial involved a risk that he could receive a prison sentence five times that long.

After a careful review of the evidence, the district court found that Sawaf's attorney had indeed failed to advise him about the applicable sentencing guidelines at any time prior to his trial, resulting in "objectively unreasonable and constitutionally ineffective" assistance of counsel at the pre-trial stage of the proceedings. *See United States v. Smith,* 348 F.3d 545, 552-53 (6th Cir. 2003) (explaining that defense counsel's failure to "fully inform . . . [the] client of the available options" in the context of a plea offer "constitutes ineffective assistance" when an attorney does not adequately "explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available."). Having found that Sawaf had therefore established his attorney's deficient performance, in satisfaction of the first prong of the two-part *Strickland* test for ineffective assistance of counsel, however, *see Strickland v. Washington*, 466 U.S. 668 (1984), the district court denied relief based on its finding that Sawaf had failed to satisfy *Strickland*'s second prong—the "prejudice" prong—by making the requisite showing that he would have accepted the Government's plea offer if he had been properly informed by counsel as to the potential consequences of that decision.

On appeal, Sawaf challenges the district court's conclusion that he suffered no prejudice from his attorney's failure to inform him about his otherwise applicable guidelines range. Sawaf

argues that the district court departed from this Court's precedent in *United States v. Morris*, 470 F.3d 596, 602-03 (6th Cir. 2006), which explains that *Strickland*'s prejudice prong is presumptively satisfied when defense counsel fails to inform a defendant about a "substantial disparity" between the length of a prison sentence offered by the Government in a plea bargain and the otherwise applicable sentencing guidelines range.

## II.

This Court generally reviews the district court's legal conclusions de novo and its findings of facts for clear error in an appeal from the denial of a § 2255 motion. *See Jefferson v. United States,* 730 F.3d 537, 544 (6th Cir. 2013); *Palazzolo v. Gorcyca,* 244 F.3d 512, 515 (6th Cir. 2001). To the extent that Sawaf's ineffective assistance of counsel claim presents mixed questions of law and fact, however, the district court's analysis is subject to de novo review. *See United States v. Little*, 208 F.3d 216 (6th Cir. 1999) (citing *Groseclose v. Bell,* 130 F.3d 1161, 1164 (6th Cir. 1997)).

## III.

Where, as here, a claim of ineffective assistance arises from the plea bargaining stage of criminal proceedings, the second part of the *Strickland* analysis, *i.e.,* the "prejudice" prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012); *Missouri v. Frye*, 132 S. Ct. 1399, 1409-10 (2012); *Fitzpatrick v. Robinson*, 723 F.3d 624, 634 (6th Cir. 2013); *Cauthern v. Colson*, 736 F.3d 465, 483 (6th Cir. 2013). Once the defendant has satisfied the first prong of *Strickland* by establishing that counsel's performance was constitutionally defective, the threshold showing of prejudice required to satisfy the second prong is comparatively low—in such cases, the prejudice prong is satisfied if

there is a "reasonable probability" that the defendant would have accepted the Government's plea offer, but-for counsel's ineffective assistance or inadequate advice. *Lafler*, 132 S. Ct. at 1385; *see also Hodges v. Colson*, 727 F.3d 517, 550 (6th Cir. 2013) (en banc) (citing *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003), for the proposition that it is easier to show prejudice in the guilty plea context than in other contexts because the claimant need only show a reasonable probability that he would have pleaded differently). Accordingly, if reasonable minds could conclude that a fully informed defendant would have accepted the Government's plea offer, then the defendant is entitled to relief. Moreover, if counsel failed to provide the defendant with an estimated range of the penalties that could result from a trial conviction, the prejudice prong is presumptively satisfied if the difference between the length of the sentence proposed in the Government's plea offer and the sentence imposed after a trial conviction was substantial. *See Morris,* 470 F.3d at 602; *Griffin*, 330 F.3d at 737. When this presumption applies, the defendant is not required to submit additional objective evidence to "support his own assertion that he would have accepted the offer" if provided with the benefit of effective assistance. *Griffin,* 330 F.3d at 737.

Here, it is undisputed that the sentence Sawaf received as a result of his trial conviction was substantially longer than the sentence he would have received if he had accepted the Government's plea offer—while the plea bargain would have resulted in a sentence just above three years, Sawaf received a 20-year prison sentence after being convicted at trial. Therefore, Sawaf is entitled to the presumption that he was prejudiced by his counsel's failure to inform him that he could face a substantially longer prison sentence upon rejecting the plea offer and proceeding to trial. *See e.g., Griffin*, 330 F.3d at 737 ("[A] substantial disparity between the penalty offered by the prosecution and the punishment called for by the indictment is sufficient

to establish a reasonable probability that a properly informed and advised defendant would have accepted the prosecution's offer."); *accord Morris,* 470 F.3d at 602  (assigning "special weight to significant disparities between penalties offered in a plea and penalties of a potential sentence in determining whether a defendant suffered prejudice by not accepting a plea offer"); *see also Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (explaining that the injury to a defendant who declines a plea offer as a result of ineffective assistance of counsel is that he is deprived of the opportunity to receive a lesser sentence).

Although the district court acknowledged the general presumption of prejudice "created by the significant disparity between the plea offered and the ultimate sentence" that Sawaf received, it nonetheless concluded that Sawaf was not entitled to relief because he had failed to show that he would have accepted the Government's plea offer but-for his counsel's ineffectiveness. In doing so, however, the district court failed to actually apply the presumption of prejudice to which Sawaf was entitled. The applicable presumption means that the district court should have started its analysis by assuming that Sawaf had been prejudiced with regard to the plea negotiations, and then asked whether there was evidence to rebut that presumption. Instead, the district court determined that Sawaf's claim that he would have entered a guilty plea if adequately informed was not credible, given Sawaf's continued insistence that he was innocent, prior to and during the trial, after the trial, and even during the evidentiary hearing, and effectively declined to credit Sawaf with the applicable presumption of prejudice.

While the district court's credibility finding as to Sawaf's testimony is entitled to deference under the clear error standard of review, its failure to credit Sawaf with the applicable presumption was a legal error that warrants reversal unless the evidence suggests that Sawaf's repeated declarations of innocence were sufficient to overcome the presumption that Sawaf was

prejudiced as a result of his counsel's ineffectiveness. Therefore, we begin with the applicable presumption that there is a "reasonable probability" that Sawaf would have pleaded guilty in exchange for the Government's offer of a reduced sentence if he had known that proceeding to trial would expose him to a substantially higher sentence.

Under this burden-shifting framework, the relevant inquiry is whether the evidence conclusively supports the finding that—even if Sawaf had known that proceeding to trial would expose him to a 20-year prison sentence—there is no reasonable possibility that Sawaf would have pleaded guilty. Here, the only evidence in support of that finding, which the district court relied on exclusively, is Sawaf's repeated assertions that he was innocent. Given Sawaf's unrelenting insistence as to his innocence, the district court was understandably reluctant to credit Sawaf's self-serving claim at the evidentiary hearing that he would have pleaded guilty under different circumstances. As the district court emphasized in its opinion, Sawaf's continued declarations of innocence at the evidentiary hearing undermined the plausibility of his assertion that he would nonetheless have pleaded guilty if he had been properly informed as to the possible consequences of proceeding to trial. On the other hand, to conclude that this information would have had no impact on Sawaf's decision-making process would undercut the very reasoning for the Supreme Court's recognition that the Sixth Amendment right to counsel during the plea-bargaining process includes the right to be informed by counsel as to the range of penalties under the applicable guidelines. *Lafler,* 132 S. Ct. at 1384; *accord Smith*, 348 F.3d at 552-53; *Griffin*, 330 F.3d at 739; *Morris*, 470 F.3d at 602. After all, the existence of that right is necessarily rooted, at least in part, in our general understanding that the discrepancy between the punishment resulting from a plea agreement and that which would result from a trial conviction is an important factor that the defendant is entitled to consider in his decision-making process.

More importantly, however, we have consistently declined to conclude that a defendant's "repeated declarations of innocence" alone preclude the possibility that the defendant would have entered a guilty plea if he had been aware of the consequences of proceeding to trial. *Griffin,* 330 F.3d at 738; *accord Smith*, 348 F.3d at 552; *Morris,* 470 F.3d 596, 603; *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). In light of these cases, we are compelled to conclude that Sawaf's continued insistence as to his innocence does not foreclose the possibility that he would have been willing to enter a guilty plea in exchange for a 41-month sentence, despite his proclaimed innocence, if he had known about the risk that he might otherwise receive a 20-year sentence. Put simply, Sawaf's claim that he is innocent does not conclusively establish that there is no "reasonable probability" that his decision would have been different if he had been adequately informed about its consequences.

Finally, the district court's reliance on *Humphress v. United States,* 398 F.3d 855, 859 (6th Cir. 2005), was mistaken. In *Humphress*, the defendant, like Sawaf, continued to insist on his innocence throughout the proceedings, and maintained that he was innocent at the evidentiary hearing. Unlike Sawaf, however, the defendant in *Humphress* admitted during his evidentiary hearing that he was unsure that his decision to reject the plea offer would have been any different if he had been properly informed of the consequences, because it would not have changed his desire to contest the charges at trial. Here, by contrast, while Sawaf maintains that he is innocent to this day, his testimony at the evidentiary hearing was unequivocal in stating that he would have pleaded guilty if he had been adequately informed of the risks involved with proceeding to trial. The facts and circumstances surrounding our decision in *Humphress* are therefore inapplicable to the instant case.

IV.

For the foregoing reasons, we VACATE the district court's order denying Sawaf's motion to vacate his sentence under 28 U.S.C. § 2255, and REMAND to the district court for further proceedings consistent with this opinion.