RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0104p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

JOSEPH LAMONT JOHNSON, JR.,

*Petitioner-Appellant,*

*v.*

No. 18-5330

KEVIN GENOVESE, Warden,

*Respondent-Appellee.*

───────────────

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:14-cv-02305—Waverly D. Crenshaw, Jr., District Judge.

Argued:  March 20, 2019

Decided and Filed:  May 28, 2019

Before:  McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:**  Michael C. Holley, FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant.  John H. Bledsoe, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.  **ON BRIEF:**  Michael C. Holley, FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant.  Nicholas S. Bolduc, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

GRIFFIN, Circuit Judge.

Petitioner Joseph Johnson was convicted of multiple felonies in Tennessee state court arising out of the robbery of a Nashville Taco Bell.  He now seeks a writ of habeas corpus,

arguing that his Sixth Amendment right to counsel was violated by his trial counsel's deficient performance in the pretrial plea-negotiation phase of his state-court proceedings and that the state court's opposite conclusion was contrary to or involved an unreasonable application of federal law. The district court found no basis for habeas relief and, for the reasons that follow, we affirm.

I.

In November of 2003, petitioner and a friend robbed a Taco Bell of approximately $200 to $300. *State v. Johnson*, M2007-01644-CCA-R3-CD, 2009 WL 2567729 at *1–2 (Tenn. Crim. App. Aug. 18, 2009). Police captured them shortly thereafter. *Id*. at *3. Petitioner was indicted on four charges related to that robbery. *Id*. at *1. Attorney Paul Walwyn represented petitioner for pretrial and trial proceedings. A few days before trial began, the state offered a plea deal for petitioner to plead guilty to all counts in exchange "for a 20 year sentence as a range two offender." He allegedly rejected that offer, though the parties debate some facts surrounding the plea process.

So he went to trial, where a Tennessee jury subsequently convicted him of all four charges: two counts of aggravated robbery, one count of aggravated assault, and one count of felony evading arrest, though one aggravated-robbery conviction was later changed to aggravated assault due to double jeopardy concerns. *Id*. at *1, *5. The trial court sentenced him to twenty-eight years' imprisonment for aggravated robbery, eight years' imprisonment for one conviction of aggravated assault, ten years' imprisonment on the other aggravated-assault conviction, and eight years' imprisonment for evading arrest, all to be served consecutively, for a total of fifty-four years in prison. *Id*. On direct appeal, petitioner raised sufficiency-of-the-evidence claims on all four convictions, challenges to his jury instructions, and challenges to his sentences' lengths and their consecutive nature. *Id*. at *5-19. The Tennessee Court of Criminal Appeals (TCCA) affirmed, and the Tennessee Supreme Court denied him permission to appeal. *See id*., *perm. app. denied* (Feb. 22, 2010).

Petitioner then filed a timely motion for postconviction relief in state court. Among the numerous issues he raised was a claim of ineffective assistance of trial counsel during the plea-

negotiation process.  At an evidentiary hearing on the petition, he testified that his attorney never advised him of the 20-year plea offer until years after trial, when he received the state's discovery packet.  When asked if he would have accepted the offer, petitioner testified variously that "you damn skippy, with 50 something years, I would have took 20 years," and "[i]t's possible, if I knew what I was facing going to trial.  It's highly likely, yes, I would have accepted that 20 year deal."  But throughout the postconviction proceedings, petitioner maintained his innocence of the crimes, and even speculated that he may have been misidentified.

His trial counsel, Walwyn, also testified at the hearing.  On the issue of plea offers, Walwyn stated that he

> explained to [petitioner], because of his prior record, it's, you know, the [prosecutor] is taking a hard stance on this case.  And basically they're wanting him to plead to a lot of time, and he said, ["]well, I'm innocent, I didn't rob anybody, I didn't do it.["]  He always said the same thing . . . .  But in any event, even prior to the trial, he basically said that I'm not taking a deal of any sort.

He later reiterated that he "did relay the offer" to petitioner, but petitioner told him "he was not taking any time for this."

The postconviction court denied petitioner relief in a written order, crediting Walwyn's testimony that he communicated the offer and that petitioner was not interested in taking any plea agreement.  Petitioner again appealed to the TCCA, which again affirmed.  *Johnson v. State*, M2012-02310-CCA-R3-PC, 2014 WL 793636, at *1 (Tenn. Crim. App. Feb. 27, 2014).  For the first time, the TCCA expanded petitioner's claim from one in which his trial counsel never conveyed the plea offer to him, to an additional ineffectiveness claim—that Walwyn conveyed the plea offer but did not advise petitioner of the much higher, consecutive sentence he could face after trial.  *Id*. at 7.  Addressing this new formulation, the TCCA reasoned that Walwyn's performance was deficient, but petitioner could not establish prejudice.  *Id*. at *8–9.  The court recited the pertinent standards for determining ineffective assistance in the plea context and specifically quoted *Lafler v. Cooper*, 566 U.S. 156 (2012), for the standard a defendant must meet to show prejudice in the plea-negotiation context.  *Johnson*, 2014 WL 793636, at *8–9.  The court reasoned that, despite the big disparity between the plea offer and the possible sentence petitioner faced after trial, he could not show prejudice because he was uninterested in

takin *any* plea offer at the time.  *Id*. at \*9.  The Tennessee Supreme Court again denied him permission to appeal.  *See id*., *perm. app. denied* (Jul. 14, 2014).

Petitioner then timely filed this petition for habeas corpus.  He raised numerous claims of ineffective assistance, including that Walwyn provided constitutionally deficient counsel during the plea-negotiation stage.  In a thorough opinion, the district court dismissed the petition.  On the pertinent ineffective-assistance issue, the district court determined that the TCCA opinion did not contradict or unreasonably apply clearly established federal law, nor did that court base its decision on an unreasonable determination of the facts.  We granted a certificate of appealability limited to his claim of ineffective assistance during plea bargaining.

II.

"In an appeal from the denial of habeas relief, we review the district court's legal conclusions de novo and its factual findings for clear error."  *Scott v. Houk*, 760 F.3d 497, 503 (6th Cir. 2014) (citation omitted).  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we can overturn a state conviction for an issue adjudicated on the merits only if the relevant state-court decision was  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).  When a habeas petition arising under § 2254(d) is based upon a claim of ineffective assistance of counsel, relief is all the more difficult to come by.  The standard for § 2254(d) relief and the test for ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), are each "highly deferential."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 689).  "[A]nd when the two apply in tandem, review is 'doubly' so."  *Id*. (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

III.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  It includes "the right to *effective* counsel—which imposes a baseline requirement of competence."  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006) (emphasis added).  And it applies at all critical stages

of criminal litigation, including pretrial plea proceedings. *Logan v. United States*, 910 F.3d 864, 868 (6th Cir. 2018) (citing *Missouri v. Frye*, 566 U.S. 134, 140 (2012)). A defendant who rejects or otherwise misses out on a formal plea offer because of deficient performance or erroneous advice can establish ineffective assistance of counsel only if he satisfies the well-known *Strickland* standard. *Lafler*, 566 U.S. at 172–74.

Under *Strickland*'s two-part framework, a criminal defendant claiming ineffective assistance during plea negotiations must prove that (1) counsel's performance was deficient, i.e., "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) the deficient performance prejudiced the defense. 466 U.S. at 687. The parties essentially agree (or don't contest) that defendant's trial counsel performed deficiently. We too assume as much and turn our attention to prejudice. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 566 U.S. at 147.

Recognizing the high bar AEDPA has placed in front of him, petitioner raises challenges to three aspects of the TCCA decision: (1) that court's erroneous legal analysis of the ineffective-assistance issue, (2) its incorrect and unreasonable factual determination about his willingness to accept a plea, and (3) its unreasonable application of the law to the facts. We address each contention in turn.

A.

Petitioner's first argument is that the TCCA legally erred by applying an impermissibly high burden of proof to his charge of ineffective assistance of counsel. We disagree. For this, he focuses on two sentences in the TCCA's opinion:

> In light of the postconviction court's factual finding that the petitioner was "not interested in taking any plea" and other evidence suggesting that the petitioner was not interested in plea bargaining, we conclude that the petitioner has failed to establish *by clear and convincing evidence* that he would have taken the twenty-year plea offer. Accordingly, the petitioner has not shown a reasonable probability that, but for trial counsel's failure to alert him to his potential

> sentencing exposure, the plea offer would have been presented to and accepted by the sentencing court.

*Johnson*, 2014 WL 793636, at \*9 (emphasis added). That clear-and-convincing-evidence standard, petitioner claims, is contrary to clearly established federal law.

Petitioner must show that the state court "arrive[d] at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or that it "confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent and arrive[d] at a result opposite" to that reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). AEDPA's "contrary to" clause means "'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Id.* (quoting Webster's Third New International Dictionary 495 (1976)). "The text of § 2254(d)(1) therefore suggests that the state court's decision must be substantially different from the relevant precedent of [the Supreme] Court." *Id.*; *see also Ivory v. Jackson*, 509 F.3d 284, 291 (6th Cir. 2007).

In *Lafler*, the Supreme Court reiterated that the *Strickland* prejudice standard applied to plea-bargaining. 566 U.S. at 163. In this context, a defendant must show that the outcome of the plea process would have been different with competent advice. *Id.* And when counsel's deficient advice leads to the *rejection* of a plea, "a defendant must show that but for the ineffective advice of counsel there is a *reasonable probability* that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 164 (emphasis added).

A reasonable probability, the Court has held, "is a probability sufficient to undermine confidence in the outcome," which "requires a substantial . . . likelihood of a different result," "not just [a] conceivable" one. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694; *Harrington*, 562 U.S. at 112) (internal quotation marks omitted). But the standard does *not* "require a showing that counsel's actions 'more likely than not altered the outcome.'" *Harrington*, 562 U.S. at 111–12 (quoting *Strickland*, 466 U.S. at 693). Instead, it is sufficient to show that a different outcome was "reasonably likely." *Id.* at 111 (quoting *Strickland*, 466 U.S. at 696). In any event, petitioner argues that the proper prejudice standard

under Supreme Court precedent falls well short of the "clear and convincing" standard the TCCA applied.

The district court held that *Holland v. Jackson*, 542 U.S. 649 (2004) (per curiam), controlled on this issue, and required the rejection of petitioner's claim. In *Holland*, the Supreme Court reversed our court, concluding that we erred in "holding that the state court acted contrary to federal law by requiring proof of prejudice by a preponderance of the evidence standard rather than by a reasonable probability." *Id*. at 654. There, as here, the opinion we interpreted came from the TCCA. The Supreme Court noted that the TCCA began its analysis in that case by reciting the correct *Strickland* standard, before stating that, "[i]n a post-conviction proceeding, the defendant has the burden of proving his allegations by a *preponderance of the evidence*." *Id*. (emphasis added). But the court disagreed with our interpretation of that statement as applying a higher burden on the defendant:

> In context, however, this statement is reasonably read as addressing the general burden of proof in postconviction proceedings with regard to factual contentions—for example, those relating to whether defense counsel's performance was deficient. Although it is possible to read it as referring also to the question whether the deficiency was prejudicial, thereby supplanting *Strickland*, such a reading would needlessly create internal inconsistency in the opinion.

*Id*. After noting two other portions of the TCCA opinion that this court erroneously faulted for applying an incorrect burden, the Court chastised us for violating two of its prescriptions in state-habeas cases: (1) "state-court decisions [must] be given the benefit of the doubt," and (2) "[r]eadiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Id*. at 655 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). Therefore, the Court reversed our grant of habeas relief to the defendant. *Id*.

The district court correctly concluded *Holland* controls on this issue. Treating the TCCA's reference to a "clear and convincing evidence" standard and a "reasonable probability" standard in back-to-back sentences as a clear legal error "is inconsistent with the presumption that state courts know and follow the law." *Id*. Earlier in the opinion, in the standard of review section, the TCCA cited Tenn. Code Ann. § 40-30-110(f) for the proposition that "a petitioner must prove his allegations of fact by clear and convincing evidence" in postconviction

proceedings.  *Johnson*, 2014 WL 793636, at *6.**[1]**  Thus, as in *Holland*, a fair reading of the opinion is that the "clear and convincing evidence" line "address[es] the general burden of proof in postconviction proceedings with regard to factual contentions."  542 U.S. at 654.

And the TCCA opinion bolsters our conclusion by listing, immediately before the "clear and convincing evidence" sentence, three pieces of "evidence which suggest[ed] the petitioner would not have accepted any plea offer."  *Johnson*, 2014 WL 793636, at *9.  First, the TCCA determined that "petitioner's own testimony on the issue was equivocal, as he testified at times that he would have taken the offer and at other times that it was 'highly likely' or 'possible' that he would have."  *Id.*  Second, it noted that he "maintained his innocence throughout the trial and post-conviction proceedings."  *Id.*  Third, the TCCA cited the postconviction court's crediting of petitioner's counsel, who "testified that petitioner was adamantly opposed from the beginning to taking a plea offer, and [who] testified that the petitioner did not want to plead guilty because he steadfastly maintained that he was innocent of the crime."  *Id.*  Thus, reading this opinion without readiness to attribute error, the TCCA opinion can reasonably be interpreted as holding that petitioner failed to rebut these factual conclusions made by the postconviction trial court.  *See Holland*, 542 U.S. at 655.

As a result, the opinion is best read as merely noting the Tennessee rule in postconviction proceedings that a petitioner must prove his allegations of fact by clear and convincing evidence.  And the propriety of the court's decision is reinforced by its *express* use of the correct standard—"a reasonable probability"—in coming to its conclusion.  *Johnson*, 2014 WL 793636, at *9.  To read the TCCA's opinion as petitioner urges "would needlessly create internal inconsistency in the opinion," *Holland*, 542 U.S. at 654, and would force us to ignore the TCCA's recitation of the *Strickland*/*Lafler* standard in the very next sentence.  Instead, reading the opinion fairly, the TCCA's decision is neither contrary to, nor or does it involve an unreasonable application of, clearly established federal law, 28 U.S.C. § 2254(d)(1), and the deferential review we apply to state-court decisions precludes relief on this issue.

---

**[1]**This rule is consistent with AEDPA's own rules and standards for factual determinations.  *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

Petitioner's attempt to distinguish *Holland* is unpersuasive. He argues that "*Holland . . .* is nothing like the instant case because in *Holland* the TCCA made no clear error," and the TCCA's statement at issue in that case "was completely true as long as one understood it to refer, in accordance with the governing statute, to allegations 'of fact'—and there was no reason to understand that statement to mean otherwise." But the same is true here. Both cases involve the argument that the TCCA applied an improperly burdensome standard to a claim of ineffective assistance of counsel, contrary to Supreme Court caselaw. And, in *Holland*, the Supreme Court chastised us for treating an ambiguous statement as legal error because we failed to give the state-court opinion the benefit of the doubt. 542 U.S. at 654–55. As noted above, ruling in petitioner's favor would risk the exact same interpretive error—it is just as likely in this case as it was in *Holland* that the state court applied the higher burden to factual assertions, not the *Strickland*/*Lafler* prejudice prong. *Id.*

*Holland* notwithstanding, petitioner directs us to *Vasquez v. Bradshaw*, 345 F. App'x 104 (6th Cir. 2009), which he claims is more analogous to this case. There, we granted a petitioner habeas relief, holding that the Ohio courts did not follow *Strickland*'s clearly established law because "the court stated that prejudice occurs only when 'the result of petitioner's trial or legal proceeding *would have been different* had defense counsel provided proper representation.'" *Id.* at 110. But *Vasquez* is unpublished (and therefore not binding on us) and fails to marshal support for petitioner's result because the majority's reasoning in that case is not persuasive. As noted by the *Vasquez* dissent, the majority made a number of analytical errors that undercut its conclusion, and its reasoning was contrary to *Holland*. *See id.* at 122–34 (Griffin, J., dissenting) (outlining the numerous analytical errors in the majority opinion).[2]

---

[2]And even if *Vasquez* were both persuasive and binding on this panel, its reasoning would not control this case because the majority relied upon various deficiencies that aren't present here. For example, the Ohio court expressed an allegedly erroneous standard for prejudice and then directly relied on it in its analysis. *Id.* at 110–11 (majority op.). But here, immediately after stating the higher burden plaintiff alleges the TCCA applied, the opinion reiterated the correct *Strickland*/*Lafler* standard and concluded that petitioner did not meet it. *Johnson*, 2014 WL 793636, at *9. Thus, the TCCA here inoculated itself against concerns that it did not know or apply clearly established federal law. *See Woodford*, 537 U.S. at 23–24 (noting that a conclusion that a state court held the respondent to a higher standard of proof than *Strickland* required based on three or four shorthand references, despite numerous citations of and quotations from *Strickland*, was error).

Finally, and only in his reply brief, petitioner argues that the TCCA erred in applying the clear-and-convincing-evidence standard to the question of whether he would have taken the twenty-year plea offer because, under Tennessee law, the clear-and-convincing-evidence standard only applies to issues of historical fact, not the question of whether petitioner hypothetically would have accepted the plea deal had he received effective counsel. We typically do not entertain arguments raised for the first time in the reply brief. *United States v. Galaviz*, 645 F.3d 347, 362 (6th Cir. 2011). But even addressing that argument does petitioner no better. Giving the opinion the benefit of the doubt, *Holland*, 542 U.S. at 655, it is clear that the TCCA properly applied its own law. But again, immediately preceding the statement about clear and convincing evidence, the TCCA noted three relevant factual determinations: petitioner's equivocal testimony, his consistent assertions of innocence, and his counsel's credited testimony that petitioner was completely uninterested in *any* plea. *Johnson*, 2014 WL 793636, at *9. These determinations—factual findings and credibility determinations—are exactly what Tennessee law requires clear and convincing evidence to refute. *See* Tenn. Code Ann. § 40-30-110(f).

Given the TCCA's citation of the controlling law (*Strickland* and *Lafler*) and the frequency that the proper standard ("reasonable probability") peppers the opinion—including immediately after the allegedly offending "clear and convincing evidence" statement—the TCCA did not act contrary to federal law. *See Holland*, 542 U.S. at 654–55. And even if we were to disagree with the TCCA on how it applied *Strickland*/*Lafler*, our disagreement would certainly be "fair-minded." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004); *see also Harrington*, 562 U.S. at 102 (noting that even when a federal court of appeals "had little doubt" it would find ineffective assistance under de novo review, a state court's opposite conclusion is not necessarily unreasonable). In sum, petitioner cannot overcome AEDPA's high bar on this ground.

### B.

Next, petitioner contends that the TCCA made an unreasonable finding of fact when it concluded that he was equivocal on whether he would have accepted the 20-year plea offer had

he known the actual amount of prison time he faced after trial.  Again, we find no error sufficient to overcome AEDPA's substantial deference to state-court decisions.

Under AEDPA, we may only grant a petition for habeas corpus if the state-court "adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  And we apply the same deference "even to state-court factual findings made on appeal." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (citing *Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981)).

Petitioner claims that he was consistent in his testimony that he would have accepted the plea offer had he been properly advised, and that the TCCA mischaracterized his testimony by cherry-picking his single use of the word "possible" and amplifying its meaning.  Given the TCCA's determination, it is important to consider exactly what petitioner said at the hearing. First, on direct examination:

> Q. Okay.  So it's your position that Mr. Walwyn never conveyed this 20 year offer to you?
>
> A. No.
>
> Q. If he had, would you have taken it?
>
> A. I don't mean no disrespect, but you damn skippy, with 50 something years, I would have took 20 years.

Then, on cross-examination:

> Q. Were you saying that if you would have known about it, you would have plead[ed] guilty to a 20 year sentence on aggravated robbery?
>
> A. It's *possible*, if I knew what I was facing going to trial.  It's highly likely, yes, I would have accepted that 20 year deal.
>
> Q. But you've been telling us all morning, you didn't commit a robbery?

A. The point is, if I'm facing 54 years and my attorney would have explained to me, under any circumstance, I would have taken 20 at 35 percent, if I was facing a jay walking.

Q. You threw out the time that you were charged before this trial happened, insisted that you were innocent of these charges, right?

A. True. I tell you I'm innocent today.

Q. You still say [you're] innocent?

A. Most definitely.

Q. But you would have plead[ed] guilty to aggravated robbery, you're claiming --

A. With my background, it's to the best interest of anybody coming in these systems.

Q. Because you have multiple robberies in your record?

A. I have a background, yes, I have been -- I committed those charges, and I actually plead[ed] guilty to them, because I was guilty. I went to trial on this charge because I wasn't guilty. And if I would have knew that I was, could have received a 20 year sentence and my attorney would have consulted me and let me know what I was facing, I would have took the 20 years.

(Emphasis added).

Petitioner argues that the TCCA gave undue weight to his use of the word "possible" during cross-examination because "possible" has two distinct meanings: one, the opposite of impossible; the other, a word specifically chosen to reflect a degree of probability (less than probable but within the realm of possibility). He further argues that the context of the quote shows that he used "possible" in the first sense—the opposite of "impossible"—and that nothing about his answers on this topic justify a conclusion that he ever meant a probability less than likely. This is a sensible interpretation of his testimony. And it might even be the best interpretation, given the context. But that does not require the conclusion that the TCCA was *unreasonable* for determining that his use of "possible" showed equivocation. *See Wood*, 558 U.S. at 301. As the Supreme Court has held, state courts are in a far better position than federal courts to make such findings of fact or credibility, and their conclusions "deserve[] a high measure of deference." *Rushen*, 464 U.S. at 120 (internal quotation marks omitted). The district court correctly concluded that "[a]lthough [petitioner]'s reading of the transcript is plausible, so too is that of the TCCA."

Moreover, the TCCA did not rely solely on this factual determination. Instead, the TCCA based its conclusion on petitioner's equivocal testimony, his consistent assertions of innocence throughout trial and postconviction proceedings, and Walwyn's testimony that petitioner told him he wasn't interested in taking any plea agreement at all. *Johnson*, 2014 WL 793636, at *9. Taking this evidence collectively, then, the TCCA was not *unreasonable* in determining that petitioner was uninterested in taking any plea. *Wood*, 558 U.S. at 301. Petitioner's arguments are insufficient to overcome AEDPA's required deference to state courts on factual determinations.

## C.

Finally, petitioner claims that the TCCA unreasonably applied the law to the facts when it ignored that the *Strickland* prejudice test is objective, not subjective, and wrongly gave more weight to petitioner's equivocal statements than the fact that any reasonable defendant in his shoes would have been motivated to take the favorable plea bargain. But yet again, he has not met his heavy burden under AEDPA.

In this argument, petitioner relies on our opinion in *Sawaf v. United States*, 570 F. App'x 544 (6th Cir. 2014). There was little doubt that Sawaf's defense counsel was deficient for "fail[ing] to advise him about the applicable sentencing guidelines at any time prior to his trial." *Id*. at 546. This court found presumptive prejudice from his counsel's deficient performance due to the difference between the plea offer (just over three years) and the sentence the petitioner received after conviction (twenty years). *Id*. at 547. We criticized the district court because, although it "acknowledged the general presumption of prejudice 'created by the significant disparity between the plea offered and the ultimate sentence,'" *id*. at 548, it nonetheless concluded that Sawaf had failed to show that he would have accepted the government's offer:

> [T]he district court should have started its analysis by assuming that Sawaf had been prejudiced with regard to the plea negotiations, and then asked whether there was evidence to rebut that presumption. Instead, the district court determined that Sawaf's claim that he would have entered a guilty plea if adequately informed was not credible, given Sawaf's continued insistence that he was innocent, prior to and during the trial, after the trial, and even during the evidentiary hearing, and effectively declined to credit Sawaf with the applicable presumption of prejudice.

*Id*. Though we gave clear-error deference to the trial court's credibility determination, we still reversed for failure to credit Sawaf with the presumption he was due. *Id*.

*Sawaf* fails to provide petitioner relief for three reasons. First, *Sawaf* is distinguishable because it analyzed a petition arising under 28 U.S.C. § 2255, not § 2254, and therefore AEDPA's "double deference" did not apply. *See Harrington*, 562 U.S. at 105. Second, and related to the first point, because petitioner's case is governed by AEDPA, only state-court decisions that are "contrary to, or involve[] an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*" merit habeas relief. 28 U.S.C. § 2254(d)(1) (emphasis added). *Sawaf* is an opinion of this court (and unpublished at that); therefore, it does not constitute "clearly established Federal law." *Id*.

Third and finally, it is not at all clear that the TCCA opinion violates *Sawaf*'s prescription. There, we held that a large sentencing disparity between a plea offer and the sentence received after trial establishes a mere presumption of prejudice that may be *rebutted*. 570 F. App'x at 548. But that's exactly what the TCCA did here. As we have discussed throughout this opinion, after noting that rule, the fact that "[t]he Sixth Circuit does not require a defendant to support his own assertion that he would have accepted the offer with additional objective evidence," and the government's strong case against petitioner, the court proceeded to rebut that presumption with its factual findings on petitioner's equivocal testimony, his assertions of innocence, and his attorney's credited statements. *Johnson*, 2014 WL 793636, at *9 (citing *Griffin v. United States*, 330 F.3d 733 (6th Cir. 2003); *Smith v. United States*, 348 F.3d 545 (6th Cir. 2003). While petitioner might argue the merits of the TCCA's weighing of that evidence, that court at least followed the procedures and presumptions we required in *Sawaf*. In sum, he is not entitled to relief on this ground either.

IV.

We affirm the judgment of the district court.