NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0512n.06

No. 23-3665

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Nov 04, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| MELVIN R. HILL, | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| UNITED STATES OF AMERICA, | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |

Before: MOORE, CLAY, and WHITE, Circuit Judges.

**CLAY, Circuit Judge.** Petitioner Melvin R. Hill appeals the district court's denial of his motion under 28 U.S.C. § 2255, which sought to vacate Petitioner's conviction under 18 U.S.C. § 924(c) and his associated sentence. The convictions underlying this appeal relate to Petitioner's role as the getaway driver in an attempted armed robbery of a credit union and his aiding and abetting the use of a firearm during a crime of violence, in violation of 18 U.S.C. § 2113(a), (d), and (g) and § 924(c), respectively. Petitioner challenges his conviction and sentence on the ground that following the United States Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), his robbery offense no longer qualifies as a crime of violence under 18 U.S.C. § 924(c) and therefore his § 924 conviction and sentence are invalid. Respondent seeks dismissal on the basis of Petitioner's appeal waiver. For the reasons set forth below, we **DENY** Respondent's motion to dismiss and **AFFIRM** the district court's order.

## I.  BACKGROUND

### A.  Factual Background

On October 11, 2017, Petitioner drove two other men to Willoughby Eastlake Schools Credit Union in Willoughby, Ohio ("the Credit Union"), in order to rob it.  Those two other men entered the building, one of them carrying an assault-style long gun, and one of them yelling that they were robbing the Credit Union.  When an armed security guard drew his weapon in response, the man carrying the gun dropped it, and the two men attempted to flee.  The police arrested Petitioner and the other two men nearby.

### B.  Procedural Background

Petitioner pleaded guilty to two counts:  (1) attempted Armed Bank Robbery under 18 U.S.C. §§ 2113(a), (d), and (g); and (2) Using or Carrying, and Brandishing a Firearm During Crime of Violence (Aiding and Abetting) under 18 U.S.C. § 924(c).  In his plea agreement, Petitioner waived the right to appeal his conviction or sentence and the right to challenge the conviction or sentence collaterally, including in a 28 U.S.C. § 2255 proceeding.  But Petitioner expressly reserved the right to appeal "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines . . . ."  Plea Agreement, R. 27, Page ID #115.

The final Presentence Investigation Report ("PSR") filed in Petitioner's case on October 23, 2018, determined the custodial sentencing options for Petitioner's convictions based on the 2016 United States Sentencing Commission Guidelines Manual (the "Guidelines"), incorporating Petitioner's offense level and criminal history category and other factors.  The resulting Guidelines range for the Armed Bank Robbery conviction was 30 to 37 months, and the

statutory maximum was 25 years. For the use of firearm conviction, the PSR recommended the statutorily mandated minimum consecutive sentence of 84 months. Petitioner did not object to the PSR.

The parties agreed to recommend that the court impose a sentence within the PSR range for the Armed Bank Robbery conviction in addition to the mandatory 84-month term for the firearm conviction. The district court sentenced Petitioner to a prison term of 24 months for attempted Armed Bank Robbery and 84 months for the related firearm offense, to be served consecutively, for a total of 108 months.

On June 23, 2020, Petitioner filed a *pro se* motion under 28 U.S.C. § 2255, asking the court to either vacate his § 924 conviction and sentence based on the Supreme Court's ruling in *United States v. Davis*, 588 U.S. 445 (2019), or reduce his sentence based on the ruling in *Dean v. United States*, 581 U.S. 62 (2017). The district court ordered the United States to respond to the motion, which it did on September 25, 2020. The United States opposed the motion on the ground that *Davis* and *Dean* were inapplicable to Petitioner.

On June 21, 2022, the United States Supreme Court decided *Taylor*, which held that under the categorical approach required "[t]o determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause" of § 924(c)(3)(A), attempted Hobbs Act Robbery was not a crime of violence. 596 U.S. at 850–52. In May 2023, Petitioner filed a Motion for Immediate Release Pursuant to *United States v. Taylor*, which is construed as a supplemental claim in support of Petitioner's pending § 2255 motion. Only then did the district court proceed to rule on Petitioner's pending § 2255 motion and other open matters in the case.

On July 28, 2023, the district court denied Petitioner's § 2255 motion and Motion for Immediate Release. The district court found that (1) *Davis* pertained to the residual clause of

§ 924(c)(3), which did not apply to Petitioner; (2) the categorical approach to sentencing based on a prior conviction "ha[d] no bearing . . . since the PSR revealed . . . no prior conviction that scored criminal history points," Mem. Op. Order, R. 91, Page ID #711; and (3) without a showing of constitutional error or substantial injurious effect on the proceedings, Petitioner did "not ma[k]e a valid constitutional claim as to why his sentence should be shortened" under *Dean*, *id.* at Page ID #712. The district court also denied Petitioner's *Taylor* claim on the basis that the collateral challenge waiver in Petitioner's plea agreement was enforceable but granted a limited Certificate of Appealability ("COA") "to address the *Taylor* claim because reasonable jurists could differ about the effect of the collateral review waiver on Petitioner's *Taylor* claim." *Id.* at Page ID #714.

Petitioner filed a notice of appeal to this Court, which we read as an application to expand the COA to encompass Petitioner's non-*Taylor*-related claims. We denied that application to expand the COA and granted Petitioner's motion to appoint counsel only "as to his claim that his § 924(c) conviction is invalid in light of *Taylor*." Order, ECF No. 7, 3.

Respondent filed a Sixth Circuit Rule 27(d) motion to dismiss the appeal as barred by the waiver in Petitioner's plea agreement. Recognizing that "we cannot determine whether the plea waiver bars § 2255 relief without also determining whether the district court erred in denying relief" and that "dismissal is inextricably intertwined with the merits of the appeal," we referred that motion to this merits panel. Order, ECF No. 28, 2. Upon examination, this panel unanimously agreed that oral argument was not needed. *See* Fed. R. App. P. 34(a).

## II.   DISCUSSION

On appeal, Petitioner argues that this Court should reverse or vacate his 18 U.S.C. § 924(c) conviction in light of *Taylor*, remand his 18 U.S.C. § 2113 sentence for resentencing, and find his collateral attack waiver unenforceable under *Vowell v. United States*, 938 F.3d 260 (6th Cir. 2019). Respondent contends that Petitioner's claim is time-barred, that the plea agreement waiver precludes this appeal, and that Petitioner's § 924(c) conviction is unaffected by *Taylor* on the merits.   In reply, Petitioner advances several arguments for timeliness, reiterates his waiver argument, and then changes course to ask that we remand the case to the district court to decide the merits.

### A. Respondent's Motion to Dismiss

Typically this Court will grant a party's motion to dismiss an appeal only if the motion is based on "lack of jurisdiction or threshold procedural grounds," 6 Cir. R. 27(d), but we have made an exception to that general rule where the motion to dismiss is based on an appeal waiver. *See United States v. Rhodes*, 27 F. App'x 265, 266 (6th Cir. 2001) (citing *United States v. Fleming*, 239 F.3d 761, 765–66 (6th Cir. 2001)).

Respondent argues that this appeal should be dismissed because Petitioner waived his right to appeal when he signed his plea agreement.  In this case, Respondent's argument for dismissal suffers from some circularity.  The assertion that the appeal should be dismissed due to a waiver depends on the enforceability of that waiver, which is directly at issue in this appeal.  Because resolution of Respondent's motion to dismiss is intertwined with the merits of the appeal in that way, we deny Respondent's motion to dismiss.

**B. Enforceability of Petitioner's Waiver Under *Vowell***

The district court's ruling on Petitioner's *Taylor* claim rested on the finding that Petitioner's collateral attack waiver was enforceable. We review a district court's denial of a 28 U.S.C. § 2255 motion *de novo*. *See Downs v. United States*, 879 F.3d 688, 690 (6th Cir. 2018); *Raybon v. United States*, 867 F.3d 625, 628 (6th Cir. 2017); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). We also consider *de novo* "the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement." *United States v. Smith*, 960 F.3d 883, 885 (6th Cir. 2020) (quoting *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005)). "If the waiver is clear, we enforce it . . . . If any provisions are unclear or ambiguous, we construe them against the government." *United States v. Callier*, 565 F. App'x 423, 425 (6th Cir. 2014) (citing *United States v. Fitch*, 282 F.3d 364, 367–68 (6th Cir. 2002)). *See also United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015); *Fitch*, 282 F.3d at 366 ("[A] district court's construction of a plea agreement presents a question of law which this court reviews *de novo*." (citing *Lancaster Glass Corp. v. Philips ECG, Inc.*, 835 F.2d 652, 658 (6th Cir. 1987))).

The district court erred in relying on *Portis v. United States*, 33 F.4th 331 (6th Cir. 2022), for the conclusion that "Petitioner's waiver in the Plea Agreement is enforceable so long as it is knowing and voluntary." Mem. Op. Order, R. 91, Page ID #713 (internal citations omitted). Years before *Portis*, *Vowell* held that a prisoner may bring a § 2255 motion to challenge a sentence as statutorily excessive based on a subsequent change in law, even if he had knowingly and voluntarily waived the right to appeal. 938 F.3d at 268. Respondent focuses on characterizing Petitioner's waiver as knowing and voluntary, but Petitioner does not dispute that it was. Rather, *Vowell* stands for the rule that a challenge based on a subsequent law rendering a sentence statutorily excessive is permitted *notwithstanding a knowing and voluntary waiver. Id.*

A panel of this Court "may not overrule the decision of another panel; the earlier determination is binding authority unless a decision of the United States Supreme Court mandates modification or this Court sitting en banc overrules the prior decision." *United States v. Moody*, 206 F.3d 609, 615 (6th Cir. 2000) (citing *Salmi v. Sec'y Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)); *see also United States v. Messer*, 71 F.4th 452, 457 (6th Cir. 2023); *United States v. Gates*, 48 F.4th 463, 476 (6th Cir. 2022); *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 390 (6th Cir. 2021); *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 855 (6th Cir. 2017). That adherence to stare decisis "is foundational to how the law develops [and] serves the interests 'of uniformity, certainty, and stability in the law.'" *RLR Invs.*, 4 F.4th at 390 (quoting *N.Y. Life Ins. Co. v. Ross*, 30 F.2d 80, 83 (6th Cir. 1928)). *Vowell* came before *Portis*, and therefore the latter is not binding to the extent that it directly contradicts the former.

The *Portis* opinion is aware of its own tension with *Vowell*. For example, the majority in *Portis* suggested that *Vowell*'s holding was dicta. *See Portis*, 33 F.4th at 339. But it was not. A statement in an opinion by this Court is a holding if: (1) it "contribute[s] to the judgment," even if "not strictly necessary" such as "when there are two independent reasons for the ruling"; (2) the Court "actively *applied* the conclusion to the case in front of it"; and (3) the Court "clear[ly] . . . considered the issue and consciously reached a conclusion about it." *Wright v. Spaulding*, 939 F.3d 695, 701–02 (6th Cir. 2019) (citing *Carroll v. Carroll's Lessee*, 57 U.S. 275, 287 (1853)). Our conclusion in *Vowell* that the petitioner had not waived his right to file a § 2255 motion contributed to the judgment. We explicitly stated, "to resolve Vowell's appeal, we *must* still determine whether . . . Vowell has waived his right." *Vowell*, 938 F.3d at 264 (emphasis added). We also expressly "applied" to Vowell's case the principle that a "petitioner may challenge his sentence as being statutorily excessive based on a subsequent change in the law, even if the waiver

was otherwise knowing and voluntary" and concluded that "Vowell's appellate waiver [did] not prohibit him from raising his claims under § 2255." *Id.* at 268. We certainly "considered the issue and consciously reached a conclusion," *Wright*, 939 F.3d 702, in five pages of analysis. *See Vowell*, 938 F.3d at 264–68. The *Vowell* rule that a knowing and voluntary waiver does not preclude the challenge of a sentence based on a change in the law was a holding and binds this Court.

The *Portis* majority tried to distinguish *Portis* from *Vowell*, to no avail. It noted that Vowell's plea, unlike Portis', did not expressly allow a challenge to a sentence that exceeds the statutory maximum, so the *Vowell* Court "had no occasion to determine whether, in the context of a given plea agreement, such language refers to the law in place at the time of sentencing or covers changes to the law in the future." *Portis*, 33 F.4th at 339. The reasoning in *Vowell* did not rely on textual interpretation, and the presence of an express exception would seem, *a fortiori*, to weigh *against* enforcing the waiver. *See id.* at 341 (White, J., dissenting). The majority also wrote that *Vowell* dealt with a change to the statutory penalty rather than the substantive elements of the underlying offense. *Id.* at 339. *Vowell* made no limitation to that subset of changes. *See id.* at 342 (White, J., dissenting).

*Portis* directly contradicted *Vowell*. Absent an *en banc* or United States Supreme Court opinion to the contrary, *Portis*' conclusion that "waivers of the right to bring postconviction challenges remain enforceable after changes in law," *id.* at 335, is non-binding dicta to the extent that it contradicts *Vowell*.

Applying *Vowell*, though, we reach the same result as the district court. Section 2255 of Title 28 of the United States Code creates an opportunity for a prisoner in custody for a federal crime to "move the court . . . to vacate, set aside or correct [his] sentence" based on a claim "that

the sentence was imposed in violation of the . . . laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Although Petitioner waived his right to bring a challenge under 28 U.S.C. § 2255, he plainly reserved the right to appeal "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines . . . ." Plea Agreement, R. 27, Page ID #115. Therefore, under *Vowell*, if a change in law after Petitioner's plea rendered his sentence excessive, a collateral challenge on that basis would not be waived.

The waiver issue, then, turns on whether *Taylor* constituted the required change in law. The district court sentenced Petitioner to 108 months of prison time: 24 months for the § 2113 charge and 84 months for the § 924 charge. If Petitioner's § 924 conviction is invalid under *Taylor*, as he says, the 84-month portion of his sentence would be above the statutory maximum for § 924 (no time for someone not convicted). Additionally, for Petitioner's § 2113 conviction, the "guideline imprisonment range [was] 30 months to 37 months." PSR, R. 41, Page ID #263. For the § 2113 charge alone, 108 months would exceed the guidelines range.

Query whether *Taylor* invalidated Petitioner's § 924 conviction. Answering that question requires a glimpse at the merits of Petitioner's motion. On Reply, Petitioner asks that we remand the merits to the district court. "We typically do not entertain arguments raised for the first time in the reply brief." *Johnson v. Genovese*, 924 F.3d 929, 937 (6th Cir. 2019) (citing *United States v. Galaviz*, 645 F.3d 347, 362 (6th Cir. 2011)). Even more so, given that Petitioner addressed the merits in his opening brief and asked that we vacate his conviction, moving in that direction is appropriate.

Petitioner asserts that his "Section 924(c) conviction is invalid given the Supreme Court's holding that attempted Hobbs Act Robbery does not satisfy the elements clause of Section 924(c)." Pet'r's Br. 8. Section 924(c) of Title 18 of the United States Code imposes a minimum consecutive sentence of seven years for "any person who, *during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States*, uses or carries [and brandishes] a firearm, or who, in furtherance of any such crime, possesses [and brandishes] a firearm . . . ." 18 U.S.C. § 924(c)(1)(A) (emphasis added). After *Davis*, the statute effectively defines "crime of violence" as a felony that "has *as an element* the *use, attempted use, or threatened use of physical force* against the person or property of another . . . ." 18 U.S.C. § 924(c)(3)(A) (emphasis added); s*ee Davis*, 588 U.S. at 470 (holding that § 924(c)(3)(B) was unconstitutionally vague). In *Taylor*, the United States Supreme Court addressed the issue of whether "attempted Hobbs Act Robbery qualif[ies] as a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." 596 U.S. at 848. The parties and the Supreme Court all agreed that the longstanding, familiar categorical approach would decide the case. *See id.* at 850 ("This Court has long understood similarly worded statutes to demand similarly categorical inquiries."). The key inquiry of that approach is "whether the federal felony at issue 'has *as an element* the use, attempted use, or threatened use of physical force.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). The Supreme Court found that the elements of attempted Hobbs Act Robbery would not categorically constitute a crime of violence. *See id.* at 850–52.

*Taylor* did not create new law that affects Petitioner's conviction or sentence. It applied a methodology that predates Petitioner's plea agreement, *see e.g.*, *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016) (applying the "categorical approach to determine whether an offense constitute[d] a crime of violence for purposes of § 924(c)(3)" (internal quotation marks omitted)

and collecting cases), and made a holding about a statute that is inapposite to Petitioner's offense. Petitioner did not plead guilty to attempted Hobbs Act Robbery but rather attempted Armed Bank Robbery. The Armed Bank Robbery statute differs materially from the Hobbs Act. For example, attempted Hobbs Act Robbery reaches "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do." 18 U.S.C. § 1951. Meanwhile, the relevant parts of the Armed Bank Robbery statute extend to "[w]hoever . . . assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device" while "by force and violence, or by intimidation, tak[ing], or attempt[ing] to take, from the person or presence of another . . . any property or money or any other thing of value" from a bank, credit union, or the like. 18 U.S.C. §§ 2113 (a), (d).

*Taylor* was not a change in law that affected Petitioner's sentence, so *Vowell*, though potent, does not help him. The district court properly enforced Petitioner's waiver.

## C. Miscarriage of Justice

Petitioner implores us to recognize a miscarriage of justice exception to his waiver if, as we hold, *Vowell* does not benefit him. That principle is of no assistance, either. Petitioner correctly states that unpublished decisions in this Circuit imply a miscarriage of justice exception to enforcement of appellate waivers. *See United States v. Mathews*, 534 F. App'x 418, 424–25 (6th Cir. 2013) (per curiam) (citing cases); *United States v. Johnson*, No. 23-5327, 2024 U.S. App. LEXIS 10387, at *2–3 (6th Cir. Apr. 29, 2024). Enforcing a waiver where a retroactive change in law nullifies a defendant's conviction might constitute a miscarriage of justice. *See Portis*, 33 F.4th at 341 (White, J., dissenting); *cf. Davis v. United States*, 417 U.S. 333, 346–47 (1974) (finding that a prior conviction for an act that was no longer criminal under case law was a

miscarriage of justice and a cognizable § 2255 issue).  As explained in the preceding section, however, those circumstances do not match Petitioner's.  *Taylor* was not a change in law affecting Petitioner's sentence, and Petitioner offers no other basis for a miscarriage of justice exception to allow Petitioner's *Taylor* motion to proceed.

## III.  CONCLUSION

For the reasons set forth above, we **DENY** Respondent's motion to dismiss and **AFFIRM** the district court's order.